UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-221-HRW

JOY ALANE WILLIAMS,                                                          PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current applications for disability insurance benefits and supplemental security income benefits on November 4, 2010 and November 9, 2010, respectively, alleging disability beginning on June 28, 2008, due to rheumatoid arthritis, fibromyalgia, back and knee pain, concentric left verticular hypertrophy, mitral valve regurgitation, anxiety, depression, panic attaches, irritable bowel syndrome, restless leg syndrome, and osteopenia (Tr. 301).

The applications were denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Todd Spangler (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the

hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 77-88). Plaintiff was 49 years old at the time of the hearing decision. She has a high school education. Her past relevant work experience consists of work as a store manager, parts clerk and supply clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 79).

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, rheumatoid arthritis, right knee degenerative joint disease, status post arthroscopic surgery, depressive disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 79-80).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 81).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 86) but determined that she has the residual functional capacity ("RFC") to perform light work with the following limitations: no more than frequent pushing or pulling with the right upper extremity or right lower extremity; no more than frequent climbing of ramps and stairs; no more than occasional climbing of ropes, ladders and scaffolds; no more than occasional stooping, kneeling or crouching; no more than frequent front or lateral reaching with right upper extremity; no reaching overhead with right upper extremity; no concentrated exposure to vibration; limited to 1, 2, 3 step instructions in a task oriented environment; no more than infrequent contact with coworkers and supervisors; no public contact; and no rapid pace, productivity or exacting quality requirements (Tr. 83). After questioning and receiving testimony from the VE, the ALJ determined that considering Plaintiff's vocational factors and RFC, she could perform a significant number of jobs in the national economy, including marker, laundry folder and textile checker (Tr. 87, 113-114). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision

as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff first argues that the Appeals Council erred by failing to consider evidence from her treating rheumatologist, Timothy Lonesky, M.D. which was submitted after the ALJ's decision. However, the record establishes that the Appeals Council did consider it but declined Plaintiff's request for review (Tr. 1-4). Indeed, in the Notice of Appeals Council Action, it is specifically stated that the treatment notes from Dr. Lonesky and Lake Cumberland

Regional Hospital dated January 18, 2013 to April 22, 2013, as well as a lab report from Wayne County Hospital dated January 15, 2013 were reviewed (Tr. 2). The Appeals Council found that these records would not have any bearing on the ALJ's decision, which was decided through November 23, 2012. *Id.* It noted that the records at issue would only have bearing on a subsequent application. *Id.* Therefore, Plaintiff's argument that the Appeals Council did not consider the evidence is without merit.

In order for this Court to consider evidence submitted after the hearing decision, it must satisfy the criteria for remand pursuant to Sentence Six of 42 U.S.C. §405(g).

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). In the instant case, Plaintiff has not offered good cause as to why she failed to obtain an opinion from Dr. Lonesky prior to the hearing decision. Further, Plaintiff has wholly failed to show that the new evidence is material. In fact, her materiality argument is essentially nothing more than a bald assertion that the Commissioner would have reached a different disposition on his disability claim had the subject evidence been

5

presented. This is not enough to trigger Sentence Six.

Plaintiff also argues that the ALJ did not properly assess her credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found Plaintiff's credibility to be poor (Tr. 84). Although Plaintiff testified as to numerous complaints, she failed to provide objective medical evidence confirming the severity of her alleged symptoms. The ALJ noted Plaintiff's minimal and conservative treatment, which provides further evidence that Plaintiff's condition was not as limiting as she claimed (Tr. 83-86). The ALJ also observed that Plaintiff's testimony was inconsistent with the record (Tr. 84). For example, Plaintiff testified that she had been in the hospital three to four times since June 2012 due to complications from her arthritic condition (Tr. 100). However, as the ALJ noted, the record before the ALJ did not reveal any emergency room visit or trip to a physician's office since January 2012 (Tr. 84). In addition, although she reported that she was actively seeking employment for over a year after that date with no clear indication that she had specific limitations when applying for other jobs (Tr. 84, 97-98).

The inconsistent and contradictory evidence supports the ALJ's assessment of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of March, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge